BLEDSOE et al. v. THOMPSON BROS. LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. Nov. 15, 1912. Rehearing Denied Dec. 12, 1912.)

1. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—SAFE PLACE TO WORK—EVIDENCE.

An employé in a sawmill handled the lever controlling rollers carrying from a saw planks as fast as sawed to an edger, and afterwards they were placed on a transfer chain and carried out into the yard. The transfer chain broke, and a coemployé, who was not able to take the planks off as fast as they came, on seeing a plank about to pass him on the rollers, seized the lever and reversed the rollers, so that they revolved toward the saw, and the plank was rapidly carried toward the saw and struck the employe, killing him. Held, that the employer was not, as a matter of law, negligent in operating the mill while the transfer chain was broken, and in failing to furnish the employé a safe place to work, but the accident was directly caused by the negligence of the coemployé in reversing the rollers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 197*)—FELLOW SERVANTS—WHO ARE.

Employés in a sawmill, engaged in removing planks from a saw as fast as they are sawed, are fellow servants.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 489, 490; Dec. Dig. § 197.*]

3. APPEAL AND ERROR (§ 1001*)—VERDICT—CONCLUSIVENESS.

A verdict sustained by evidence is conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

4. APPEAL AND ERROR (§ 1029*)—HARMLESS ERROR—ERRORS NOT AFFECTING RESULT.

Where, under the facts, plaintiff could not recover, any error of procedure on the trial was not prejudicial to him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036; Dec. Dig. § 1029.*]

5. DAMAGES (§ 14*)—RIGHT OF ACTION—STATUTES.

An action against an employer, for the death of an employé, caused by the negligence of a fellow employé, not occupying the position of vice principal, is not maintainable under Sayles' Ann. Civ. St. 1897, art. 3017, subd. 2, authorizing an action for death caused by the negligence of another.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 356; Dec. Dig. § 14.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by Mrs. F. A. Bledsoe and others against the Thompson Bros. Lumber Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

I. D. Fairchild, of Lufkin, and Joe W. Thomas and J. A. Harper, both of Woodville, for appellants. J. A. Mooney, of Woodville, and Crook, Lord, Lawhon & Ney, of Beaumont, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

McMEANS, J. The appellee, a private corporation, was engaged in operating a sawmill, and Felix A. Bledsoe, the husband of F. A. Bledsoe and the father of the other appellants, was, on the 18th day of January, 1910, in the employment of said corporation, and on the date last named, while engaged in the services for which he was employed, received injuries which resulted in his death. This suit was instituted in the district court of Tyler county against the appellee to recover damages for the death of said Bledsoe. A trial before a jury resulted in a verdict and judgment for the defendant, and the plaintiffs have appealed.

The grounds of negligence charged against the appellee are substantially: (1) In operating the sawmill at a time when the transfer chains were broken; (2) in failing to furnish the deceased, Bledsoe, a safe place in which to work; and (3) in employing one Griffin, a negro boy of about the age of 18 years, whose negligence is alleged to have been the immediate cause of Bledsoe's injury, and who, it is alleged, was incompetent to perform the duties assigned to him on that occasion.

[1] The facts, as we gather them from the record, in substance are: Bledsoe was engaged in tailing the saw. By this is meant that he received the planks as fast as they were sawed and placed them on the live rollers, which carried them away from the saw. The live rollers consisted of a succession of rollers, all of which revolved at the same time and in the same direction from the saw, so that planks placed upon them are carried by their action away from the saw and to the "edger." After the planks are carried through the edger, they are placed upon what is called a "transfer chain," and are carried by this chain out into the yard, where the lumber is to be stacked. When this chain becomes broken, the planks are not permitted to reach the edger, but are taken from the live rollers, in order that the latter may not become blocked by the sawed lumber. The motion of the live rollers is controlled by a lever, and by its proper use the rollers may be started and stopped, or made to revolve towards the saw. In Bledsoe's work of tailing the saw, it was his duty to handle this lever, and not the duty of the person to whom was assigned the task of removing the planks from the live rollers at times when the transfer chain was broken. Griffin's usual duties consisted of tailing the "trimmer," but on the occasion when the transfer chain was broken it was his duty to remove the planks from the live rollers as fast as they came from the saw. On January 18, 1910, while Bledsoe was engaged in tailing the saw, the transfer chain broke, and Griffin, as was his duty, began to remove the planks from the live rollers before they reached the edger, and pile them upon the floor. He was not able, however, to take the planks off as fast as they came, and seeing a plank about to pass by him on the live rollers he negligently seized the lever and reversed the rollers, so that they revolved toward the saw, and the plank was thus carried rapidly toward the saw and toward Bledsoe, and the end of it struck Bledsoe and so injured him that he afterwards died.

It is substantially upon these facts that the appellants base the alleged negligence of appellee in operating the mill while the transfer chain was broken, and in failing to furnish the deceased a safe place in which to work. The court refused to submit these grounds of negligence to the jury, and in this, we think, there was no error. The other ground of negligence charged, viz., the negligent employment and retention of the boy, Griffin, in its service by appellee, was submitted to the jury by an appropriate charge, and by their verdict in favor of the defendant the jury must have found that there was no negligence in this regard, and the evidence in the record warranted them in so finding. We also find that the negligence, and only negligence, which proximately resulted in the injury and death of Bledsoe was that of the boy, Griffin, in reversing the lever and causing the plank to be carried by the live rollers back to and striking Bledsoe, and that the proof shows that the corporation was not negligent in failing to furnish Bledsoe a safe place in which to work, nor in operating its sawmill at a time when the transfer chain was broken.

[2, 3] We further conclude that Griffin was a fellow servant of Bledsoe, and that for an injury to the latter through the negligence of the former the appellee would not be liable in damages, unless it be further shown that Griffin was incompetent to perform the duties assigned to him, and that appellee was negligent in employing and retaining him in its service. As we have before stated, the jury upon sufficient evidence, found that appellee was not negligent in this regard, and its finding is conclusive of that question. This leaves to be settled only the question of whether the court should have submitted to the jury the issues of negligence of appellee in operating its sawmill at a time when the transfer chain was broken, and in not using ordinary care to furnish Bledsoe a safe place in which to work.

The submission of these issues was requested by appellants by several special charges, all of which the court refused to give to the jury; and in this we think there was no error. The evidence leaves us no doubt that the alleged negligence of defendant in the regards stated was remote in its relation to the injury and death of Bledsoe, and upon which no cause of action could be based.

[4, 5] But independently of all the alleged

errors complained of by appellants in their brief, we think that, under the facts of this case, appellants could sustain no recovery; and therefore, if any error of procedure was committed on the trial, a reversal of the judgment would not be required. The injury to Bledsoe resulted in his death, and was directly caused by the negligence of Griffin in reversing the live rollers and thereby running a plank back and striking him. Whether or not Griffin was a fellow servant of Bledsoe is not material in this connection; for the testimony shows that Griffin was not the vice principal of appellee. All actions for injuries resulting in death must be brought under article 3017, Sayles' Civil Statutes, which reads as follows: "An action for actual damages on account of injuries causing death of any person may be brought in the following cases: 1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, (or) hirer of any railroad, steamboat, stage-coach, or other vehicle for the conveyance of goods or passengers, or by the unfitness, negligence or carelessness of their servants or agents; when the death of any person is caused by the negligence or carelessness of the receiver or receivers or other person or persons in charge or control of any railroad, their servants or agents, and the liability of receivers shall extend to cases in which the death may be caused by reason of the bad or unsafe condition of the railroad or machinery or other reason or cause by which an action may be brought for damages on account of injuries, the same as if said railroad were being operated by the railroad company. (2) When the death of any person is caused by the wrongful act, negligence, unskillfulness or default of another."

It is clear that appellants could not base their cause of action upon the first subdivision of the article; the appellee belonging to none of that class of corporations or persons to which it is applicable. It is also clear that, the cause of action being based upon the second subdivision, and the negligence which resulted in the death of Bledsoe being the negligence of Griffin, who was not a vice principal of the corporation, and as to whom the rule respondeat superior does not apply, there could be no recovery in favor of appellants, who sue as the surviving wife and children of the deceased, Bledsoe. We will not in this opinion undertake to give the reasons for this conclusion, but content ourselves with a reference to the case of Sullivan-Sandford Lumber Co. v. Cooper et al., 142 S. W. 1168, a case very similar in its facts to this, wherein Chief Justice Brown of our Supreme Court, in a well-considered opinion, goes elaborately into the subject and reaches the conclusion upon which we base our decision of this case. We have, however, examined all the assignments of error presented by appellants in their brief, and are of the opinion that none of them points out errors which require a reversal; and the judgment of the court below will be in all things affirmed.

Affirmed.